[Crim. No. 2281. Second Appellate District, Division One.—February 28, 1933.]

THE PEOPLE, Respondent, v. F. H. CLAGGETT, Appellant.

142

Hazlett & Plummer and Robert J. Sullivan for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment of conviction of the criminal offense known as "the violation of the Corporate Securities Act" (Stats. 1917, p. 673, as variously amended), and from an order by which his motion for a new trial was denied, defendant has appealed to this court. He has also given notice of an appeal from an order "denying his motion in arrest of judgment".

As far as is here material, it appears that defendant was a lessee of certain gold placer mines, and that in consideration of a certain sum of money by each of several different persons paid to defendant, by an instrument in writing signed by defendant, he agreed that the person who paid such sum of money was "to have one-twentieth interest in all of the gold and other values recovered from said claim after operating expenses have been paid"; also, "in connection with the other copartners", defendant agreed "to incorporate the above mentioned copartnership at any time suitable to all of the parties concerned, and at that time party of the second part shall receive 1/20th of the stock in the company to be formed".

As set forth in the information herein, the particulars of the charge against defendant were that, without the consent of the corporation commissioner of this state, defendant sold "a security . . . evidencing and representing an interest in a gold mining enterprise, and the right to share in the profits of a mining lease. . . . "

It is contended by appellant that the instrument issued by him was not a "security". But by the language of subdivision 7 of section 2 of the act, and by the decisions in various adjudicated cases, a contrary conclusion is indicated. (See *State* v. *Gopher Tire & Rubber Co.*, 146 Minn. 52 [177 N. W. 937]; *State* v. *Evans*, 154 Minn. 95 [191 N. W. 425, 27 A. L. R. 1165]; *People* v. *White*, 124 Cal. App. 548 [12 Pac. (2d) 1078]; *People* v. *McCalla*, 63 Cal. App. 783 [220 Pac. 436]; *People* v. *Oliver*, 102 Cal. App. 29 [282 Pac. 813].) It follows that the contention by defendant in that regard cannot be sustained.

Prejudicial error on the part of the trial court in its refusal to permit defendant to introduce evidence on the trial of the action to the effect that each of the persons to whom an interest in the mining venture was sold regarded the relationship which existed among the several interested persons as that of a partnership. However, disregarding other possible valid objections which might be interposed against the admissibility of such evidence, and even assuming (without deciding) that the relationship was such as was claimed by defendant, the result would be unavailing to him as far as it would tend to relieve him from the legal consequences of his act. It is admitted by appellant that

"a partnership selling securities comes within the terms of the Corporate Securities Act"; but that fact, as well as the fact that a partnership existed among the several interested parties, is immaterial. The criminal offense was alleged to have been committed, and the evidence adduced on the trial of the action was sufficient to establish the fact that the offense was committed, not by a partnership, but by defendant as an individual in selling the security in question. Neither by virtue of the provisions of the statute here involved, nor in response to any decision by any court to which attention has been directed, may it properly be held that the relationship, if any, which existed between or among the several interested parties, either before or after the instrument in question was executed, constituted a defense for the commission of the offense.

Finally, with reference to the order of the trial court by which probation was granted to defendant, appellant complains that "the trial court was guilty of misconduct, prejudice and error in declaring the evidence to show an absence of fraud at the trial, but subsequent thereto permitted unsworn and hearsay evidence of fraud and bad faith to guide it in determining the degree of guilt and punishment of defendant".

In response to such criticism, however manifestly unfair to the defendant in some respects the operation of the prevailing probation system may appear, and however much some of the permitted practices thereunder may be deprecated, it need only be said that the provisions of section 1203 of the Penal Code authorized the course which was pursued by the trial court in the premises.

The judgment and the order by which the motion for a new trial was denied are affirmed. Since no appeal may be taken by a defendant from an order denying a motion in arrest of judgment (sec. 1237, Pen. Code), the attempted appeal in that regard is dismissed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.